

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

ENTERED
08/08/2011

| | |
|---|---|
| **In re:** § § | |
| **LA BOTA DEVELOPMENT** § **COMPANY, INC.** and § § | Case No. 10-20376 |
| **LAREDO ROCK TECH SAND &** § **GRAVEL, LP** § § | Case No. 10-20377 |
| § | Jointly Administered Under |
| Debtors. § | Case No. 10-20376 |

## ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF REORGANIZATION

LA BOTA DEVELOPMENT COMPANY, INC. and LAREDO ROCK TECH SAND 7 GRAVEL, LP, the Debtors and Debtors-in-Possession (hereinafter "*Debtors*"), having filed their *Disclosure Statement* on August 31, 2010 [Docket No. 101], their *Supplement to the Disclosure Statement* on October 29, 2010 [Docket No. 127], and their *Second Supplement and Amendment to Disclosure Statement* on June 9, 2011 [Docket No. 198] pursuant to Section 1125 of the Bankruptcy Code (collectively, the "*Disclosure Statement*"); and having filed their *First Amended Joint Plan of Reorganization* on November 20, 2007 [Docket No. 197] (together with any amendments, modifications, or restatements made pursuant to this Confirmation Order is hereinafter referred to as the "*Plan*"), in accordance with Section 1121 of the Bankruptcy Code; and a hearing having been held before this Court to consider the adequacy of the Disclosure Statement, and the Court by Order dated June 23, 2011, having approved the Disclosure Statement (the "*Disclosure Statement Order*"); and the Disclosure Statement (with a copy of the Plan annexed thereto as Exhibit "1"), the Disclosure Statement Order and a ballot (collectively, the "*Solicitation Materials*") having been transmitted to all known holders of Claims and/or Interests entitled to vote on the Plan; and the solicitation of acceptances from holders of claims and/or Interests having been made within the time and in the manner required by the Disclosure

Statement Order; and a Certificate of Service having been filed with respect to the mailing of the Solicitation Materials to those holders of Claims and/or Interests entitled to vote on the Plan [Docket No. 207]; and all objections to confirmation of the Plan having been filed, if any, have been resolved, and the Court, having reviewed, among other things, the Plan, the Disclosure Statement, the Affidavit and Proffer of Testimony of Albert F. Muller III in Support of Confirmation of Debtors' First Amended Plan of Reorganization (the "*Affidavit and Proffer*"), and the Debtors' summary of acceptances and rejections of the Plan attached as Exhibit "1" to the Affidavit and Proffer (the "*Ballot Summary*") filed by the Debtors reflecting voting results; and upon the record of the Confirmation Hearing, the Court makes the following findings of fact and conclusions of law:[1]

## I.
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  <u>Jurisdiction</u>. This Court has jurisdiction over the Debtors and the subject matter of the confirmation hearing pursuant 28 U.S.C. § 1334(a). This Court has authority over the confirmation hearing pursuant 28 U.S.C. § 157(b). The confirmation hearing is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2)(L). Venue of the Chapter 11 Case in this District is proper pursuant to 28 U.S.C. § 1408.

B.  <u>Solicitation</u>. In accordance with the Disclosure Statement Order and as evidenced by the Certificate of Service on file with the Court, the Debtors caused the Solicitation Materials to have been distributed to all known holders of Claims and/or Interests entitled to vote on the Plan, and therefore notice of the confirmation hearing and the deadline for voting on and filing objections to the Plan have been duly given. Such actions constitute due, sufficient and adequate

---

[1] This Order shall constitute this Court's findings of fact and conclusions of law made at the confirmation hearing pursuant to Bankruptcy Rule 7052, which is made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice-versa.

notice to all known holders of Claims and Interests of the Plan, the Confirmation Hearing and the deadlines for submitting votes on, and filing the objections to the confirmation of, the Plan.

C. Procedures for Voting. As evidenced by the Affidavit and Proffer and the Ballot Summary, the procedures by which ballots for voting on the Plan were received and tabulated were fair, properly conducted and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, and the Disclosure Statement Order.

D. Section 1129(a)(1) Requirements. Section 1129(a)(1) of the Bankruptcy Code (the "*Code*") is satisfied because the Plan complies with all the applicable provisions of the Code, including the provisions of Sections 1122 and 1123 of the Code, and in particular the following:

    1. Proper Classification of Claims and Interests. Sections 1122(a) and 1123(a)(1) of the Code are satisfied because the Plan properly designates separate Classes of Claims and Interests, each of which contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.

    2. Specification of Unimpaired Classes. Section 1123(a)(2) of the Code is satisfied because the Plan properly designates Classes of claims and Interests as impaired or unimpaired.

    3. Specification of Treatment of Impaired Classes. Section 1123(a)(3) of the Code is satisfied because the Plan specifies the treatment of each Class of Claims and Interests that is impaired under the Plan, to the extent that the Claims or Interests within such Class are Allowed Claims or Allowed Interests, respectively.

    4. Equal Treatment Within Classes. Section 1123(a)(4) of the Code is satisfied because the Plan provides the same treatment for each Allowed Claim or

Allowed Interest within a particular Class or the holder of a particular Allowed Claim or Allowed Interest has agreed to a less favorable treatment of such Claim or Interest.

5.   Implementation of Plan. Section 1123(a)(5) of the Code is satisfied because the Plan provides adequate means for its implementation.

6.   Charter Provisions. Section 1123(a)(6) of the Code is satisfied because there will be no issuance of non-voting equity securities.

7.   Selection of Officers, Directors, and Trustee. Section 1123(a)(7) of the Code is satisfied because the Plan contains only provisions that are consistent with the interests of holders of Claims and Interests, and with public policy with respect to the manner of selection of officers under the Plan, and any successors to such officers.

E.   Bankruptcy Rules Requirements. Rule 3016(a) of the Bankruptcy Rules is satisfied because the Plan is dated and identifies the entity submitting it.

F.   Section 1129(a)(2) Requirements. The Debtors have complied with all applicable provisions of the Code.

G.   Section 1129(a)(3) Requirements. The Plan was proposed in good faith and not by any means forbidden by law. The Chapter 11 Cases were filed and the Plan was proposed with the legitimate and honest purposes of reorganizing the Debtors.

H.   Section 1129(a)(4) Requirements. Any payment made or to be made by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable,

I.  Section 1129(a)(5) Requirements. The Debtors have disclosed the identity and affiliations of the individuals proposed to serve, after confirmation of the Plan, as directors and officers of the Reorganized Debtors.

J.  Section 1129(a)(6) Requirements. The Reorganized Debtor, La Bota Development Company, Inc., a Texas corporation, will not charge any rates for services subject to governmental or regulatory oversight. The Reorganized Debtor, Laredo Rock Tech Sand & Gravel, LP, a Texas limited partnership, will not charge any rates for services subject to governmental or regulatory oversight.

K.  Section 1129(a)(7) Requirements. Each holder of an impaired Claim or Interest either (i) has accepted the Plan or (ii) will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Code on that date. Moreover, liquidation of Debtors' assets in the context of a hypothetical Chapter 7 liquidation would result in no dividend to holders of Claims.

L.  Section 1129(a)(8) Requirements. All classes of Claims and Interests are either (i) unimpaired; (ii) are impaired and have voted to accept the Plan; or (iii) are impaired and no votes were cast in the Class. As to all non-voting impaired classes, the Plan (i) does not discriminate unfairly; and (ii) is fair and equitable in that the terms of the Plan as to all those Classes complies with Section 1129(b)(2) of the Code.

M.  Section 1129(a)(9) Requirements. Article V of the Plan Sections A through B provide for the payment of claims entitled to priority under Section 507(a)(2) of the Code and therefore comply with Section 1129(a)(9)(A) of the Code. Tax claims are treated in Article VI Section A, which complies with Section 1129(a)(9)(C) of the Code.

N. <u>Section 1129(a)(10) Requirements</u>. Nine (9) Classes of Claims that are impaired under the Plan have accepted the Plan, determined without including any acceptances by any insiders, in compliance with Section 1129(a)(10) of the Code.

O. <u>Section 1129(a)(11) Requirements</u>. The Plan is feasible in view of the actual financial results of the Debtors' business operations during the Chapter 11 case and the projections based thereon as set forth in the Disclosure Statement.

P. <u>Section 1129(a)(12) Requirements.</u> Payment of U.S. Trustee fees are provided for under the Plan. All fees currently payable under 28 U.S.C. § 1930 have been paid, and all such fees coming due later shall be paid by the Reorganized Debtors.

Q. <u>Section 1129(d) Requirements.</u> The primary purpose of the Plan is not the avoidance of taxes or the application of Section 5 of the Securities Act of 1933.

R. <u>Section 1129(b) Requirements.</u> The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted the Plan.

S. <u>Section 1141 Requirements.</u> The Debtors and Reorganized Debtors and their current officers, managers, agents, representatives, and attorneys, and any other professional persons currently employed by them have acted in good faith in connection with and relating to the formulation, negotiation, solicitation, implementation, and confirmation of the Plan.

T. <u>Modification to Plan</u>. The restatements and modifications to the Plan as set forth in this Order comply in all respects with Section 1127(a) of the Code and, in accordance with Bankruptcy Rule 3019, do not materially adversely change the treatment of the Claim of any Creditor except as may have been disclosed in the Disclosure Statement. Notice of such restatement and modifications by service of a copy of this Order are adequate under the

circumstances of this Chapter 11 Case and such restatement and modifications do not require additional disclosure under Section 1125 of the Code or the resolicitation of acceptances or rejections under Section 1126 of the Code, nor do they require that the holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

U. <u>Discharge and Injunction</u>: Confirmation of the Plan shall discharge and fully satisfy, pursuant to and as provided in § 1141(d) of the Code, and as provided contractually pursuant to the terms of the Plan, all Debts, liabilities, and obligations of the Debtors (including all penalties, fines or forfeitures, and damages) that arose before the Confirmation Date, except as otherwise specifically provided in the Plan or this Order Confirming Plan, whether or not such Claim is Allowed or paid pursuant to this Plan. Upon Confirmation, the Plan shall Discharge all Debts (as defined in 11 U.S.C. § 101) and all Claims against, and liabilities of the Debtors which are Dischargeable by a debtor in a case under 11 U.S.C. § 101, *et seq.*, by statute or by law applicable to Title 11, U.S.C., and in a Chapter 11 Case, or by contract with a Creditor. All Creditors and Persons are stayed and enjoined from proceeding against the Debtors or their assets, except as provided in the Plan or contractual agreements executed pursuant to the Plan. Title to all assets of the Debtors and Debtors-in-Possession shall be retained by and revested in the respective Reorganized Debtors, free and clear of all claims, liens, security and equitable interests, except as specifically set forth in the Plan or this Order. This Order Confirming Plan is a judicial determination of, and a contract for, the discharge of the liabilities of and the Claims against the Debtors.

V. <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over the matters set forth in the Plan.

## II.
## APPROVED REVISIONS OR MODIFICATIONS TO PLAN

A.   The provisions of Article V, Section C of the Plan concerning treatment of the secured claim of Integrated Vehicle Leasing against La Bota Development Company, Inc. is modified, amended and replaced with the following paragraph:

> IVL, the only holder of a Class 8 claim, shall be paid according to the terms of the agreement between the Debtor and IVL. As of the Petition Date, Class 8 claims totaled $8,085.12. On the Effective Date the Debtor shall resume monthly payments in the amount of $1,347.52, until the claim is satisfied, at which time the agreement will be 100% fulfilled.

B.   The provisions of Article VI, Section B of the Plan concerning treatment of the secured claim of Integrated Vehicle Leasing against La Bota Development Company, Inc. is modified and amended to include the following paragraph:

> If BMW or its affiliated nominee (together with its successors and assigns, the "BMW Purchaser") is the highest bidder at the Auction, LaBota and BMW Purchaser will make all reasonable efforts to agree as to the form and substance of a blanket reciprocal easement in recordable form (the "Easement Agreement") not later than ten (10) business days' following receipt of the proposed Easement Agreement from BMW Purchaser. The Easement Agreement shall provide for reciprocal easements relating to the 79 Acre Tract and the 145 Acre Tract being conveyed by LaBota to BMW Purchaser (collectively, the "Conveyed Tracts") and that portion of the 529 Acre Tract remaining after the conveyance of the Conveyed Tracts to the BMW Purchaser (the "Remainder Tract"). The Easement Agreement will contain such provisions as are reasonable and customary for the potential development of the Conveyed Tracts and the Remainder Tract and will provide (without limitation) that (1) the BMW Purchaser shall have the right to (a) non-exclusive vehicular (including without limitation bicycles, fire and emergency vehicles) and pedestrian ingress and egress over all existing and future roadways located on the Remainder Tract and to build and construct at the BMW Purchaser's expense such temporary and permanent roadways over the Retained Tract as are reasonably necessary to provide vehicular and pedestrian access from the Conveyed Tracts to public roadways, and (b) access over, through and under the Remainder Tract as are reasonably necessary to construct, extend and otherwise make utility services available to the Conveyed Tract (including, without limitation, water, sewer, storm water drainage and electric services); and (2) the LaBota shall have the right to (a) non-exclusive vehicular (including without limitation bicycles, fire and emergency vehicles) and pedestrian ingress and egress over all existing and future roadways located on the Conveyed Tracts

and to build and construct at the LaBota's expense such temporary and permanent roadways over the Conveyed Tracts as are reasonably necessary to provide vehicular and pedestrian access from the Remainder Tract to public roadways, and (b) access over, through and under the Conveyed Tracts as are reasonably necessary to construct, extend and otherwise make utility services available to the Remainder Tract (including, without limitation, water, sewer, storm water drainage and electric services). Costs associated with the maintenance of any facilities shared by BMW Purchaser and LaBota will be allocated among such parties based on an equitable allocation method agreed to by such parties in the exercise of reasonable business judgment. In the event of a dispute regarding the subject matter hereof, the Bankruptcy Court shall retain exclusive jurisdiction to adjudicate any such dispute. *

C. The provisions of Article VI, Section D of the Plan concerning the treatment of the secured claim of First National Bank against La Bota Development Company, Inc. is modified and amended to include the following paragraph:

FNB, the only holder of a Class 6 claim, shall be paid with deferred cash payments as detailed below. The Allowed Secured Claim of FNB against La Bota shall be converted into a single note with the principal balance of $1,583,503.06, as of August 8, 2011 with a per diem rate of $289.8813 (the "**FNB Note**"). The FNB Note shall be amortized over a twenty-five (25) year period with a variable annual interest rate of Wall Street prime plus 3.25 percent with a floor of 6.5 percent. The FNB Note shall be payable in monthly installments of principal and interest with a five (5) year balloon payment. Assuming the interest rate remains at 6.5%, La Bota's monthly principal and interest payments will be in the amount of $10,691.93 until the debt is entirely extinguished or until the FNB Note matures. Assuming the interest rate remains at 6.5% throughout the five years prior to the balloon payment, La Bota anticipates that the amount due on the FNB Note on the date of the balloon payment will be approximately $1,434,054.34.

To secure the FNB Note, FNB shall have a first lien on Tract C. Tract C has an appraised valuation of $1,900,000.00 as appraised by La Bota's appraiser and an appraised valuation of $1,750,000.00 as appraised by BMW's appraiser.

To further secure the FNB Note, FNB shall retain a first lien on 23 of the Single Family Lots. None of the 23 Single Family Lots shall be those included in the Auction described in Article VI, Section B. The 23 Single Family Lots have an approximate total value of between $879,325.00 and $1,055,190.00. Attached hereto as Exhibit "2" is a map of the specific 23 Single Family Lots upon which FNB shall retain its liens. The lien release price per each of the Single Family Lots shall be $25,000.00.

\* BMW Purchaser and LaBota agree to reasonably cooperate in all regards concerning matters related to ownership of adjacent tracts. All disputes concerning such matters shall be determined by this Court. BMW Purchaser shall not be responsible for HoA dues on the Residential Lots or any property acquired by the BMW Purchaser.

Unless specifically allowed or granted in the First Amended Joint Plan, any and all liens held by FNB over any of La Bota's real or personal property, including the Single Family Lots and Tract L, shall be released upon confirmation of this Plan.

D. The provisions of the final sentence of Article VI, Section E, Paragraph 1 of the Plan concerning treatment of the secured claim of A Discount Mini Storage II, Ltd. against La Bota Development Company, Inc. is modified, amended and replaced with the following sentence:

Within ten (10) days of the Effective Date, La Bota shall pay $20,992.23 in readily available funds to DMS.

## IV.

## FINDING THAT THE PLAN IS CONFIRMABLE BASED UPON, AMONG OTHER THINGS, ALL OF THE ABOVE-STATED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND GOOD CAUSE APPEARING, THEREFORE, THE COURT HEREBY ORDERS THAT:

A. <u>Confirmation</u>. The Plan and each of its provisions, a true and correct copy of which is attached hereto as Exhibit "1", and as modified by this Order, is hereby confirmed pursuant to Section 1129 of the Code.

B. <u>Provisions of Plan and Order are Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings and facts and conclusions of law set forth herein, are nonseverable and mutually dependent.

C. <u>Objections Overruled</u>. All objections and responses to, and statements and comments in response to the Plan, other than those withdrawn with prejudice in their entirety prior to, or on the record at, the confirmation hearing, are hereby expressly overruled.

D. <u>General Authorizations; Plan Modifications</u>. The Debtors and their respective officers, attorneys and agents, are hereby authorized, empowered and directed, subject to the

conditions set for in the Plan and the right to modify the Plan, to carry out the provisions of the Plan. The Debtors and all necessary parties are hereby authorized, empowered and directed, subject to the conditions set forth in the Plan and the right to modify the Plan, to enter into, execute, deliver, file and/or perform the terms of the Plan and any other agreements, instruments and documents related thereto, and any amendments, supplements or modifications to such Plan as may be necessary or appropriate, and to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan or this Confirmation Order, and to satisfy all other conditions precedent (if any) to the implementation and effectiveness of the Plan and to consummate the Plan.

E. <u>Binding Effect</u>. The provisions of the Plan and this Confirmation Order are binding on, and enforceable by and against, the Debtors, each holder of a Claim or an interest and each other party in interest in the Chapter 11 Case, including their successors and assigns, whether or not they accepted the Plan.

F. <u>Vesting in the Reorganized Debtor</u>. On the Effective Date, the Reorganized Debtors, as defined in Article I, Section UU of the Plan, shall have good title to all of the property of the respective Chapter 11 estates of the Debtors as provided in the Plan free and clear of all Claims and Liens except as provided for in the Plan, and burdened with all obligations regarding Allowed Claims of the Debtors' estates as provided in the Plan, as their estates were existing at Confirmation. All such properties of the estates are hereby transferred and owned exclusively by the respective Reorganized Debtors. The Reorganized Debtors are authorized and obligated to: (i) perform all obligations and receive all benefits from the property of their respective estates transferred to and owned by the Reorganized Debtors; (ii) to collect and

disburse the benefits to holders of Allowed Claims; and (iii) to retain professionals to assist in performing their duties under the Plan.

G. <u>Implementation of the Plan</u>. Pursuant to Section 1142(b) of the Code, the Debtors and any other necessary party shall have the right, to the fullest extent permitted under Section 1142 of the Code, to apply to this Court for an order: (a) modifying the effect of any otherwise applicable non-bankruptcy law, or (b) directing any entity to execute and deliver any instrument or to perform any other act necessary to effectuate the Plan.

H. <u>Professional Compensation</u>. Any professional seeking an allowance of final compensation or reimbursement of expenses for professional services rendered to the Debtors in relation to their respective Chapter 11 Case, pursuant to Sections 327, 328, 330, 331, or 503(b) of the Code, shall be bound and controlled by the provisions of the Plan, which requires among other things, the filing of an application for allowance of final compensation for services rendered through and including the Confirmation Date and reimbursement of related expenses.

I. <u>Notice of Entry of Confirmation Order</u>. Within ten (10) business days after the Effective Date, the Reorganized Debtors shall, in accordance with Bankruptcy Rule 2002(f)(7), mail to all known Creditors, the United States Trustee, and all professionals, a notice of entry of this Confirmation Order and the date of the occurrence of the Effective Date. The foregoing notice shall constitute due and adequate notice of this Confirmation Order within the meaning of such Bankruptcy Rules.

J. <u>Disputed Claims and Interests</u>. No Distribution shall be made in respect of a Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim.

K. <u>No Waiver</u>. Neither the entry of this Confirmation Order, the Execution of any of the documents required or contemplated hereunder or by the Plan, nor any other action or

inaction by the Debtors, any Creditor, or any other party in interest in the Chapter 11 Case (including, without limitation, the failure of the Debtor to object to any Proof of Claim) shall constitute a waiver, estoppel, res judicata, release, relinquishment, abandonment, or any other abrogation of any objection, defense, offset or counterclaim with respect to any Disputed Claim asserted against the respective Debtor.

L. <u>Automatic Stay</u>. The automatic stay in effect with respect to the Chapter 11 Cases pursuant to Section 362(a) of the Code shall continue to be in effect until the Effective Date and at that time shall be dissolved and of no further force or effect, subject to the injunctions provided herein, in the Plan and in the Code.

M. <u>Retention of Jurisdiction</u>. All actions contemplated by the Plan are hereby authorized and approved in all respects (subject to the provisions of the Plan and this Confirmation Order). All such actions, and any other actions described in the Plan or this Confirmation Order that would otherwise require the consent or approval of the general partner or shareholders of the respective Debtors shall be deemed to have been consented to or approved and shall be effective under applicable state law and the Code, without any requirement of prior or further action by the general partner or shareholders. The appropriate partner or officers of each Debtor are authorized to execute and deliver and to perform the terms of the agreements, documents and instruments contemplated by the Plan and the Disclosure Statement in the name of and on behalf of the respective Debtor.

N. <u>Injunction</u>. Except as otherwise provided in the Plan or this Order, all Persons who have held, hold, or may hold Claims against Debtor are, with respect to any such Claims, permanently enjoined after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind

(including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Reorganized Debtors, or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, them, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order against the Debtors, the Reorganized Debtors, any of its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, them or any property of any such transferee or successor; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any king against it or any of its property, or any direct or indirect transferee of any property of, or successor in interest to the Reorganized Debtors; (d) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due the Reorganized Debtors, any of their respective property, or any direct or indirect transferee of any property of, or successor in interest to, it; and (e) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan and this Confirmation Order, except as specifically provided for otherwise in this Confirmation Order or the Plan.

    O.  <u>References to Plan Provisions</u>. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect or enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

    P.  <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal

or modification shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order; nor shall such reversal or modification of this Confirmation Order affect the validity or enforceability of such act or obligation. Notwithstanding any such reversal or modification of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation order prior to the effective date of such reversal or modification shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all documents, instruments and agreements related thereto or any amendments or modifications thereto.

Q. <u>Enforceability</u>. Pursuant to Sections 1123(a) and 1142(a) of the Code, the provisions of this Confirmation Order and the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

R. <u>Substantial Consummation</u>. The Plan shall be deemed to be substantially consummated on the Effective Date.

S. <u>Appeal</u>. This Confirmation Order is a Final Order and is subject to immediate appeal.

T. <u>Controlling Provisions</u>. In the event and to the extent that any provision of this Confirmation Order is determined to be inconsistent with any provision of the Plan or the Disclosure Statement, such provision of this Confirmation order shall control and take precedence.

SIGNED: 8/8, 2011.

UNITED STATES BANKRUPTCY JUDGE